**Captain Sheriff SAUDI, Plaintiff,**

v.

**VALMET–APPLETON, INC., a/k/a Mesto Corporation, Defendant.**

No. 02–C–0499.

United States District Court,
E.D. Wisconsin.

Nov. 24, 2003.

---

Christopher J. Ertl, Robert E. Barnes, Robert G. Bernhoft, Law Office of Robert G. Bernhoft, Milwaukee, WI, for Plaintiff.

David L. Kelleher, Grace M. Mora, Melissa Callahan Lesmes, Thelen Reid Priest, Washington, DC, Louis F. Raymond, Davis & Kuelthau, Milwaukee, WI, for Defendant.

## DECISION AND ORDER

RANDA, Chief Judge.

Now before the Court is Defendant Valmet–Appleton, Inc., a/k/a Mesto Corporation's ("Valmet–Appleton") Motion to Exclude Witnesses for Failure to Disclose. Valmet–Appleton asks the Court to exclude at trial all of Plaintiff Captain Sheriff Saudi's ("Saudi") lay witness and expert testimony. Valmet–Appleton bases its request on Saudi's failure to comply with his disclosure obligations under the Federal Rules of Civil Procedure and under this Court's October 21, 2002, Amended Scheduling Order requiring Saudi to disclose his lay witnesses by July 25, 2003, and disclose his expert witnesses and service expert reports by August 25, 2003.

To date, Saudi still has not complied with any of these disclosure requirements, but has instead filed a Motion to Amend the Scheduling Order. In that motion, Saudi proposes new witness disclosure dates, discovery deadlines, and a new trial date, all of which could delay this case further for close to a year. For the reasons set forth below, Valmet–Appleton's Motion to Exclude is granted and Saudi's Motion to Amend is denied.

## I. BACKGROUND

This diversity action sounding in personal injury, products liability, and tort, arises from an alleged incident on May 17, 1999, where Captain Sheriff Saudi was being transferred from one marine vessel to another by crane, in a lifting basket, over the Gulf of Mexico. Saudi alleges that while he was being transferred, the crane of one of the ships collapsed and dropped him approximately 50 feet, plunging him into the water. Saudi also alleges that as he was dropped, the crane, wires, and cabling fell into the water on top of him and the lifting basket, causing him severe injury. Saudi claims that Valmet–Appleton—as the designer, manufacturer, and maintainer of the crane in question—was negligent under the common law and maritime law in its acts, omissions, and breach of duty it owed to Saudi. In addition, Saudi claims Valmet–Appleton breached its warranty of merchantability and is strictly liable for his severe injuries. For those injuries, Saudi seeks actual damages, punitive damages, costs, and any other relief in law and equity that the Court may deem proper.

In July 1999, plaintiff filed an action in the United States District Court for the Southern District of Texas against thirteen defendants including Valmet–Appleton. Valmet–Appleton was subsequently dismissed from that action by an Order dated November 1, 2000, following a stipulation for dismissal by the parties.[1] Following the dismissal in the Texas action, Saudi again sued Valmet–Appleton on the same claims in the Circuit Court of Milwaukee County, Wisconsin. After the action was transferred by that court to Outagamie County, Wisconsin, all claims against Valmet–Appleton were dismissed by the court due to the earlier stipulation in the Texas action, which barred Saudi from commencing his lawsuit in any jurisdiction other than the United States District Court for the Eastern District of Wisconsin. Plaintiff appealed that dismissal to the Wisconsin Court of Appeals and lost.[2] Saudi's lawsuit in this Court was filed after Valmet–Appleton had been dismissed from the Wisconsin state court action, but while that decision was on appeal.

Following an initial scheduling conference held pursuant to Federal Rule of Civil Procedure 16(b), this Court issued an Amended Scheduling Order on October 21, 2002. The Order contained not only specific disclosure deadlines but expressly cautioned that failure to meet those deadlines would result in exclusion. Specifically, the Court ordered that "[o]n or before July 25, 2003, the plaintiff shall notify the defendant of any lay witnesses the plaintiff may call at trial[,]" and

> [o]n or before August 25, 2003, the plaintiff shall notify the defendant of any expert witnesses the plaintiff may call at trial, and shall submit with that notice a report containing all the information that the defendant could obtain under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure through the use of interrogatories, or the

excluding the testimony of all 14 undisclosed witnesses.

**1.** It is worth noting that this is not the first time Saudi and his counsel have failed to disclose witnesses according to Rule 26(a). In the original Texas action, *Captain Sheriff Saudi v. S/T Marine Atlantic*, 2000 WL 33993435 *3, 2000 U.S. Dist. LEXIS 20864 *11 (S.D.Tex. December 15, 2000), Saudi failed to timely and properly disclose expert witnesses. United States District Judge Melinda Harmon found that Saudi's failure to comply with Rule 26(a) and her pretrial scheduling order was "a direct violation of this Court's Order[,]" *Id.* at *3, 2000 U.S. Dist. LEXIS 20864 *10, and warranted the sanction of

**2.** In addition, the Wisconsin Court of Appeals imposed sanctions on Saudi's counsel for pursuing a frivolous appeal. Saudi then continued his appeal to the Wisconsin Supreme Court, which refused to hear the matter. Upon exhaustion of Saudi's appeals, the Circuit Court for Outagamie County assessed the sanction granted by the Wisconsin Court of Appeals and Saudi's counsel then filed an appeal over the amount of that sanction. The appeal was dismissed.

plaintiff will be barred from calling such witnesses as experts at trial.

Amended Scheduling Order dated October 21, 2002, at 1–2. Saudi, however, failed to produce any of the required information for lay witnesses and expert witnesses. On September 5, 2003, Valmet–Appleton filed a motion requesting that the Court exclude at trial all of Saudi's lay witness and expert testimony due to Saudi's failure to comply with his disclosure obligations under the Federal Rules of Civil Procedure and under this Court's October 21, 2002, Amended Scheduling Order.

## II. ANALYSIS

Although Saudi portrays Valmet–Appleton's Motion to Exclude as "seek[ing] to elevate form over substance," Plaintiff's Opposition Brief, at 1, the Court fails to see such a distinction when the issue is a party's unjustifiable failure to comply with the Federal Rules of Civil Procedure and with a direct Order of the Court. The Rules and Court Orders *are* the substance when dealing with the often protracted and cluttered world of discovery, and enforcing them comprises an essential part of the District Court's role as "gatekeeper."

The Rule 26(a) disclosure obligations are not optional and complying with this Court's Scheduling Order is not discretionary. While the dates in the Scheduling Order were selected by the parties themselves, the unequivocal language in the Scheduling Order of "shall," along with the explicit mention of the penalty of exclusion, in addition to the non-optional nature given to the deadlines when solidified in a Court Order pursuant to Rule 16(e), were together more than enough to put Saudi on notice that the dates were not, as he refers to them, "mere scheduling

aspirations." Plaintiff's Opposition Brief, at 8.

Pursuant to the Court's Scheduling Order, Saudi was required to identify all persons he expects to call as lay witnesses at trial no later than July 25, 2003, and disclose his expert witnesses and service expert reports by August 25, 2003. To date, Saudi still has not made these disclosures. Saudi's assertion that the dates set forth in the Amended Scheduling Order "were a voluntary discovery plan," Plaintiff's Opposition Brief, at 5, certainly misses the point. Once the "voluntary discovery plan" was formulated by both parties and set forth in the Court's Scheduling Order, any violation of the deadlines would become subject to Rule 26's provisions.[3]

### A. Rule 26(a) Requirements

■ The plain language of Rule 26(a) governs the timing and scope of the disclosures at issue. With respect to the disclosure of expert witnesses, Rule 26(a)(2)(A) states that "a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rule 702," while Rule 26(a)(2)(C) provides "[t]hese disclosures shall be made at the times and in the sequence directed by the court." Regarding lay witnesses, this Court issued a standing Order following the Rule 16(b) conference, which controlled the discovery schedule pursuant to Rule 16(e).[4] In addition to this direct Order, Rule 26(a)(3) provides in relevant part that "a party must provide ... the name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises[.]" Moreover, Rule 26(a)(3)(C) imposes a default disclosure deadline of at least 30

---

3. Of course, such a formulation does not preclude a party unable, for whatever reason, to meet disclosure deadlines from stipulating with the opposing party to an extension of the deadlines, or seeking leave of the Court to do so. As the Court addresses below, Saudi has done neither in this case.

4. Additionally, Rule 16(f) provides the Court with great latitude in issuing an appropriate sanction for failing to comply with its orders under Rule

16(e). "If a party or party's attorney fails to obey a scheduling or pretrial order ... the judge ... may make such orders with regard thereto as are just, and among others any of the order provided in Rule 37(b)(2)(B), (C), (D)." Fed. R.Civ.P. 16(f). Incidentally, under Rule 16(f), the Court could grant Valmet–Appleton's motion to exclude Saudi's lay witnesses without reference to Rule 26(a).

days before trial, "[u]nless otherwise directed by the court[.]" Thus, in leaving the Court with the final word on setting deadlines for expert and lay witness disclosure, complying with the Court's Scheduling Order becomes a matter of complying with Rule 26(a).

## B. Rule 37(c)(1) Framework for Exclusion

■ Rule 37(c)(1) sets out a framework for deciding whether a party's witnesses should be excluded if that party fails to comply with a court's order under Rule 26(a). The party to be sanctioned must show that its violation of Rule 26(a) was either "substantially justified" or "harmless." Fed.R.Civ.P. 37(c)(1). The Seventh Circuit has employed this framework explicitly. *Salgado v. General Motors Corp.*, 150 F.3d 735, at 742 (7th Cir. 1998) ("[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless."); *See also, Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir.1996).[5] Moreover, "[t]he determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Mid–America Tablewares, Inc., v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir.1996). The Court here finds that Saudi's delays were neither substantially justified nor harmless.

### i. "Substantial Justification"

Saudi offers two justifications for his inability to comply with any of the deadlines set out by the Court's Order and the Federal Rules of Civil Procedure: "the disabling medical problems of [his] lead counsel and the defendant's own delays in disclosure...." Plaintiff's Opposition Brief, at 3. The Court takes each of these proffered excuses in order.

■ Saudi's first explanation regarding the medical problems of his "lead" counsel is supported by nothing other than several vague assertions in the opposition brief about "medical complications" and a "disabling physical ailment," and an equally vague declaration by Joe Alfred Izen, Jr., the affected attorney in question. Indeed, the Court cannot ignore the glaring fact that Mr. Izen is not an attorney of record in this case, and his name appears nowhere in these proceedings prior to his declaration, which claims: "I had anticipated prosecuting discovery sooner, but had unanticipated and sudden medical problems which prevented me from fully performing my duties with respect to this case." Declaration of Joe Alfred Izen, Jr., at ¶ 7. Nowhere does Mr. Izen explain the nature of his medical problems, when they began, or when he recovered.

Even more puzzling than the sudden appearance of Mr. Izen in this case is the information offered by the Defendant, which appears to contradict Mr. Izen's claim that his medical problems prevented him from performing his duties in this case. Although the Court will not list them all here, Valmet–Appleton, using PACER, chronicles no less than fourteen occasions in actions across the country where Mr. Izen, as the counsel of record for Saudi, filed briefs and motions and even managed to attend a status conference. *See* Defendant Valmet–Appleton, Inc.'s Reply Memorandum, at 5–7, *and* Reply Affidavit of Louis F. Raymond with accompanying exhibits. All of these occurred within the same time-frame that Mr. Izen claims to have been suffering from medical complications so severe as to prevent him from meeting this Court's deadlines.

Regardless, it is not readily apparent to the Court why Mr. Izen's medical problems have any bearing whatsoever on the inability

---

**5.** Rule 37(c)(1) states:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), *is not*, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

(emphasis added). Although the 2000 Amendment replaced "shall not" with "is not", the Advisory Committee Notes state that this substitution was made "under the program to conform amended rules to current style conventions when there is no ambiguity." Rule 37 Advisory Committee Notes for the 2000 Amendment. Thus, the Seventh Circuit's opinion in *Salgado* and *Finley* that the exclusion sanction is automatic and mandatory is still applicable.

of Saudi to comply with the disclosure requirements and meet the disclosure deadlines. Indeed, other than the bald assertions that Mr. Izen is "lead counsel" (Plaintiff's Opposition Brief, at 3), "lead litigation counsel" (*Id.* at 5), and "plaintiff's senior trial counsel" (*Id.* at 7), no one has explained why Mr. Izen is relevant to Saudi's inability to meet the deadlines. In his Declaration, Mr. Izen states that Saudi "engaged me to prosecute his claims." Declaration of Joe Alfred Izen, Jr., at ¶ 4. Nevertheless, Mr. Izen is not counsel of record in this case and there is no mention of him anywhere until now.

Plaintiff's counsel of record are Attorneys Robert G. Bernhoft, Christopher J. Ertl, and Robert E. Barnes. Mr. Bernhoft signed the complaint commencing this action, he helped develop and signed the Joint Rule 26(f) Proposed Discovery Plan now at issue, and has been listed as lead counsel throughout this case. Saudi has offered no reason why Bernhoft, Ertl, or Barnes—all of whom have filed appearances and, thus, bear responsibility for this case—were not able to meet the disclosure obligations. The Court also finds it significant that none of Saudi's counsel ever contacted Valmet–Appleton or the Court in an effort to modify the discovery deadlines to work around Mr. Izen's illness. When Saudi's counsel discovered that the deadlines to which they agreed, and the Court ordered, would be "excessive and overly optimistic," Plaintiff's Opposition Brief, at 7, the appropriate response would have been to attempt to reach a stipulation with Valmet–Appleton for an extension, or if unable to do so, then seek leave of the Court. Simply ignoring deadlines ordered by the Court and then moving to amend the schedule months after the fact is unacceptable. Consequently, the Court is not persuaded that Mr. Izen's alleged medical problems provide any substantial justification for Saudi's failure to meet the disclosure requirements of this Court and the Federal Rules of Civil Procedure.

■ The second justification proffered by Saudi for failing to meet his disclosure obligations is the "defendant's own delays in disclosure...." Plaintiff's Opposition Brief, at 3. Saudi offers a list of information that he claims Valmet–Appleton has failed to produce, and which he asserts "precluded [him] from giving experts the data and documents required for any report and delineating which witnesses would be needed at trial." *Id.* at 4. Valmet–Appleton responds that "[t]hese claims are pure fiction." Defendant's Reply, at 14. Moreover, Valmet–Appleton asserts that "Plaintiff has never served a single discovery request in this case; not a single interrogatory, not a single document request, not a single request for admission." *Id.* Saudi provides no documentation to support his assertion that Valmet–Appleton was dilatory or even less than forthcoming in the discovery process.

As it stands, the Court finds that Saudi has not shown a substantial justification for his failure to meet disclosure obligations and deadlines through the unsupported assertions in his brief—assertions, unequivocally denied by Valmet–Appleton. Moreover, the Federal Rules of Civil Procedure and the Local Rules of this Court provide mechanisms through which discovery disputes can be resolved. *See* Fed.R.Civ.P. 26 *et. seq, and* Civil L.R. 37.1. Saudi has offered no information in this matter relating to any attempt at resolving any discovery dispute. Consequently, Saudi's ad hoc attempt to blame Valmet–Appleton for his failure to meet his discovery obligations and the Court mandated deadlines is unpersuasive.

### ii. *"Harmless" Requirement*

■ While the Court finds that Saudi's explanations do not offer substantial justification for his failure to comply with disclosure obligations, the Court should still refrain from granting Valmet–Appleton's Motion to Exclude if Saudi's failure to disclose was "harmless." *See, Salgado,* 150 F.3d at 742. The Court finds no support for Saudi's claim that in order to grant the Rule 37(c) exclusion, the Court must find that the failure to disclose "irreparably harms and prejudices the defendant." Plaintiff's Opposition Brief, at 1. Indeed, Saudi offers no authority for such a standard. The appropriate standard set out by Rule 37(c)(1) and the Seventh Circuit and applied by this Court is whether Saudi's failure to disclose was "harmless."

The importance of lay and expert witness disclosures and the harms resulting from a failure to disclose need little elaboration. When one party does not disclose, the responding party cannot conduct necessary discovery, or prepare to respond to witnesses that have not been disclosed, and for whom expert reports have not been provided. In this case, it has been, and continues to be, impossible for Valmet–Appleton even to begin the detailed process of analyzing expert testimony and identifying appropriate responsive testimony. Absent timely disclosure, Valmet–Appleton cannot timely prepare its defense. The determination of whether a Rule 26(a) violation is in fact harmless "is entrusted to the broad discretion of the district court," *Mid–America Tablewares*, 100 F.3d at 1363, and in this case, the Court does not find Saudi's violation of Rule 26(a) and of a direct Court Order to be a "harmless" one.

Of course, it is worth mentioning that one possible way to mitigate this harm is to have the Court simply move back dates and extend deadlines for months at a time as Saudi has requested the Court to do in his opposition to Valmet–Appleton's Motion to Exclude. However, at the heart of Rule 37's automatic sanction provision is the recognition that precious time and resources of both opposing counsel and this Court are wasted when faced with unjustified delay. And such waste, when significant enough, constitutes its own kind of harm.

If Valmet–Appleton's inability to conduct necessary discovery or prepare to respond to witnesses could be remedied by the Court simply shrugging its metaphorical shoulders and pushing back deadlines several months, the harsh remedy provided by Rule 37(c) might be avoided. But, if the Court were to follow Saudi's logic, the Court could never impose a Rule 37(c) sanction.[6] As the Seventh Circuit has noted in upholding a Rule 37(c) exclusion, the Court, "has a right, independent of the parties, to conduct trial preparation in a manner that husbands appropriately the scarce judicial resources of that busy district." *Salgado*, 150 F.3d at 742; *See also Dotson v. Bravo*, 321 F.3d 663 (7th Cir.2003) ("[T]he court's inherent authority to rectify abuses to the judicial process also authorizes sanctions for certain violations. ... This power is governed by the necessary control courts must have over their dockets.") (citations omitted).

### III. CONCLUSION

The Court finds that Saudi has not established that his failure to disclose under Rule 26(a) in violation of the Court's Amended Scheduling Order was either substantially justified or harmless. Furthermore, while the Court recognizes that Rule 37 sanctions are harsh and should not be used often or lightly, the Court does not find that pushing back witness disclosure dates, discovery deadlines, and a new trial date for several months to nearly a year would be, under the circumstances, a more "efficient and equitable resolution[.]" Plaintiff's Opposition Brief, at 11.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**

Valmet–Appleton's Motion to Exclude Witnesses for Failure to Disclose is granted, and

Saudi's Motion to Amend the Scheduling Order is denied.

**SO ORDERED,**

---

6. The Court is unpersuaded by Saudi's claim that "[a]s long as a defendant isn't unfairly surprised by a trial ambush, a delay in disclosure *never* necessitates witness exclusion." Plaintiff's Opposition Brief, at 10 (emphasis added). Saudi offers no support for this claim, and, in fact, should realize from his experience in the Texas action that such is not the case. *See Captain Sheriff Saudi v. S/T Marine Atlantic*, 2000 WL 33993435 *3, 2000 U.S. Dist. LEXIS 20864 *11 (S.D.Tex. December 15, 2000) (excluding fourteen of Saudi's expert witnesses for failing to provide timely the requisite reports and information about them).